IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMBER CHRISTINE H.[1],   6:18-cv-00215-BR

    Plaintiff,   OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**ARI D. HALPERN**
Halpern Law Group
61910 OB Riley Rd., Ste 100
Bend, OR 97703
(541) 388-8410

    Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties. The same designation will be used to identify nongovernmental family members named in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2539

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Amber Christine H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter.

## ADMINISTRATIVE HISTORY

On May 14, 2012, Plaintiff filed an application for DIB benefits. In that application Plaintiff alleged a disability

onset date of January 1, 2007. Tr. 121.[2] That application was denied on September 6, 2012. Tr. 121-33. Plaintiff did not request reconsideration of that denial. Tr. 230.

On March 18, 2013, Plaintiff protectively filed her application for SSI benefits. Tr. 15, 84. In her application Plaintiff alleges a disability onset date of May 1, 2008. Tr. 15. Plaintiff's application was denied initially and on reconsideration. On January 26, 2017, Plaintiff amended her alleged onset date to March 14, 2012, and requested her prior application be reopened. Tr. 15, 44, 230. An Administrative Law Judge (ALJ) held a hearing on February 9, 2017. Tr. 15, 38-83. Plaintiff, a vocational expert (VE), and a medical expert testified. Plaintiff was represented by an attorney at the hearing.

On March 29, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 27. Plaintiff requested review by the Appeals Council. On December 5, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.

---

[2] Citations to the official transcript of record filed by the Commissioner on July 20, 2018, are referred to as "Tr."

Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On February 1, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

### BACKGROUND

Plaintiff was born on October 27, 1980.  Tr. 26.  Plaintiff was thirty-two years old on the date that she filed her application for SSI benefits.  Tr. 26.  Plaintiff attended school through the 11th grade.  Tr. 26, 238.  The ALJ found Plaintiff has past relevant work experience as a sandwich-maker, cashier, and service-station attendant.  Tr. 25-26.

Plaintiff alleges disability due to bipolar disorder, depression, post-traumatic stress disorder, acid reflux, nerve pain, anxiety issues, and asthma.  Tr. 84.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-25.

### STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must

demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

    The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

    The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv),

7 - OPINION AND ORDER

416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 18, 2013, Plaintiff's application date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of anxiety, depression, "polysubstance abuse," borderline personality disorder, somatic symptoms, and obesity.  Tr. 17.  The ALJ specifically found Plaintiff's fibromyalgia is

8 - OPINION AND ORDER

a "non-medically determinable impairment."  Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18-20.  The ALJ found Plaintiff has the RFC to perform medium work with the following limitations:  never climb ladders, ropes, and scaffolds; no exposure to hazards such as machinery and unprotected heights; and no concentrated exposure to airborne irritants.  The ALJ found Plaintiff able to understand, to remember, and to carry out only short and simple instructions and to make simple work-related judgments and decisions.  The ALJ also found Plaintiff can have no more than occasional interactive contact with the public, coworkers, and supervisors and only occasional changes in a routine work setting.  Tr. 20.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 25.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy such as linen-room attendant, sorter, and hand-packager. Tr. 26-27.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 27.

**DISCUSSION**

Plaintiff contends the ALJ erred when she (1) failed to "explicitly" address Plaintiff's request to reopen her prior application for benefits; (2) failed at Step Two to conclude Plaintiff's fibromyalgia is a medically determinable and severe impairment; (3) failed at Step Three to find Plaintiff's severe impairments and her fibromyalgia meet or equal the Listing requirements; (4) improperly rejected Plaintiff's testimony; (5) improperly evaluated the medical evidence; and (6) improperly concluded at Step Five that Plaintiff is able to perform other work.

**I. There was a *de facto* reopening of Plaintiff's prior application for benefits.**

Plaintiff contends the ALJ accepted the amended disability onset date of March 14, 2012, and considered evidence of alleged disability from that date, which constitutes a *de facto* reopening of Plaintiff's May 14, 2012, application for benefits.

The Commissioner did not respond to this issue.

**A. The Law**

A *de facto* reopening of a Commissioner's earlier decision can occur when "the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Brown v. Barnhart*, 61 F. App'x

10 - OPINION AND ORDER

503, 503 (9th Cir. 2003)(citing *Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995)).

   B.   **Analysis**

As noted, Plaintiff filed an application for benefits on May 14, 2012, which was denied. On March 18, 2013, Plaintiff filed the current application that alleged a disability onset date of May 1, 2008. On January 26, 2017, Plaintiff amended her disability onset date to March 14, 2012, which was also prior to her May 2012 application, and she requested her prior application to be reopened. Plaintiff also presented and the ALJ actually considered medical evidence dated March 14, 2012.

In *Lewis v. Apfel* the Ninth Circuit found a prior application was *de facto* reopened when the ALJ knew about the prior application, considered evidence of disability that predated the current application, and accepted without comment the alleged disability onset date that predated the current application. 236 F.3d 503, 510 (9th Cir. 2001).

Here even though the ALJ did not explicitly reopen Plaintiff's prior application, the ALJ knew about the prior application, allowed amendment of the alleged onset date, and considered evidence that predated the original disability onset date. Thus, the Court concludes based on this record that the ALJ reopened *de facto* Plaintiff's earlier application.

Accordingly, the Court reviews the ALJ's determination of nondisability based on Plaintiff's alleged onset date of March 14, 2012.

II. **The ALJ erred when she failed to find Plaintiff's fibromyalgia was medically determinable and, accordingly, failed to include it as a severe impairment at Step Two.**

Plaintiff contends the ALJ erred at Step Two when she found Plaintiff's fibromyalgia was not a medically determinable impairment and also failed to include it as a severe impairment.

The Commissioner, in turn, contends the ALJ's determination that Plaintiff's alleged fibromyalgia was not a medically determinable impairment is supported by substantial evidence in the record. The Commissioner also contends even if the ALJ erred by failing to include Plaintiff's fibromyalgia as a severe impairment, the error was harmless.

    A.     **Standards**

The inquiry for Step Two is a *de minimis* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify claimants whose medical impairments are so slight that it is unlikely they would be found disabled). *See also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two impairment "may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an

12 - OPINION AND ORDER

individual's ability to work.")(emphasis in original).

The claimant bears the burden to provide medical evidence to establish at Step Two that she has a severe impairment. 20 C.F.R. § 404.1512. An impairment or combination of impairments is "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb*, 433 F.3d at 686. At Step Two the ALJ must consider the combined effect of the claimant's impairments on her ability to function without regard to whether each alone is sufficiently severe. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003). *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir.1996); 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.

If the ALJ determines a claimant is severely impaired at Step Two, the ALJ continues with the sequential analysis and considers all of the claimant's limitations. SSR 96-9p. Step Two is "merely a threshold determination" as to whether the claimant is able to perform her past work. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

To determine whether a claimant has a medically determinable physical or mental impairment, the alleged impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically

acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 404.1521, 416.921. A "statement of symptoms, a diagnosis, or a medical opinion" are not enough to establish a medically determinable impairment. *Id. See also* SSR 96-4p.

   B.   **Analysis**

SSR 12-2p specifically provides the criteria to determine whether a claimant has a medically determinable impairment of fibromyalgia. SSR 12-2p, § II.B, requires a claimant to establish a "history of widespread pain," "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions," and "evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded."[3]

As noted, the ALJ found Plaintiff's alleged fibromyalgia to be "a nonmedically determinable impairment" on the ground that "the record does not include appropriate workup, including and most importantly that other disorders that could

---

[3] Plaintiff concedes she is limited to establishing the medically determinable impairment for fibromyalgia pursuant to the "specific criteria" of SSR 12-2p, § II.B. Pl.'s Brief at 13.

14 - OPINION AND ORDER

cause the reported symptoms be excluded." Tr. 18.

The medical evidence, however, reflects Plaintiff has been diagnosed with fibromyalgia. For example, in August 2013 Catherine Rojo, a physician's assistant who treated Plaintiff, noted Plaintiff "has a complicated medical history with diagnosis of fibromyalgia." Tr. 495. Rojo's physical examination of Plaintiff indicated "18/18 positive fibromyalgia points," and Rojo assessed Plaintiff as having lumbar radiculopathy, fibromyalgia, chronic pain, and major depression. Tr. 495, 499. Rojo recommended, among other things, that Plaintiff be seen by a rheumatologist. Tr. 499.

On March 14, 2016, Sarah Dawson, M.D., Plaintiff's treating physician, indicated Plaintiff's history of fibromyalgia "might be the cause" of Plaintiff's complaints of blurry vision, dizziness, and fatigue. Tr. 1107. On June 7, 2016, Dr. Dawson again "suspected" fibromyalgia as the cause of Plaintiff's complaints of chronic fatigue and pain. Tr. 1078. On November 9, 2016, Dr. Dawson noted Plaintiff "was seen in December 2012 by a rheumatologist who felt there was no evidence of inflammatory arthritis on exam and [Plaintiff's] symptoms were consistent with fibromyalgia." Tr. 1064. In addition, on June 7, 2016, Dr. Dawson summarized laboratory tests related to Plaintiff's complaints of "dizziness, near-syncope, tinnitus,

15 - OPINION AND ORDER

fatigue, [and] visual disturbances" as "normal." Tr. 1079. Dr. Dawson also noted "[w]orkup so far has included normal CBC, TSH, CMP, echocardiogram, brain CT, and [b]rain MRI normal." *Id.* On November 9, 2016, Dr. Dawson again discussed the conditions that were excluded as being the cause of her diagnosis of Plaintiff's fibromyalgia. Tr. 1064.

The record does not contain any other disorders that could cause the symptoms, signs, or conditions. For example, the ALJ found Plaintiff's reported migraines, seizures, and irritable-bowel syndrome were "nonsevere." Tr. 18. The ALJ also found "from a musculoskeletal perspective, [Plaintiff] has had various . . . complaints of wrist, knee, hip, ankle, foot, and spinal pain, and alleged having arthritis at hearing, but imaging has shown no or only minor or mild abnormalities." Tr. 17. Thus, the Court notes the ALJ's assessment of Plaintiff's RFC did not take into consideration any limitations from Plaintiff's fibromyalgia, and, as a result, each subsequent step of the sequential evaluation process was adversely impacted.

On this record the Court concludes the ALJ erred at Step Two because her determination that Plaintiff's fibromyalgia is not a medically determinable impairment is not supported by substantial evidence in the record. Accordingly, the Court

concludes the ALJ's error was not harmless.

Inasmuch as the Court has concluded the ALJ erred at Step Two and such error was not harmless, the Court is not required to address Plaintiff's other allegations of error as they primarily address how the ALJ's failure to consider fibromyalgia as a medically determinable impairment adversely impacted the ALJ's assessment of Plaintiff's RFC and the effect on the ALJ's subsequent sequential evaluation.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172,

17 - OPINION AND ORDER

1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the ALJ failed to determine whether Plaintiff's fibromyalgia equals a Listing Impairment, whether any limitations as a result of Plaintiff's fibromyalgia would impact Plaintiff's RFC, and how that impact would affect findings at Step Four and Five of the sequential evaluation.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to Sentence Four

of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 11th day of December, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge